IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:05-2734-HMH-BHH |
| ) | |
| vs. ) | **REVISED OPINION & ORDER** |
| ) | |
| Robert Barnwell Clarkson, individually ) | |
| and d/b/a The Patriot Network, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the August 2, 2006, Report of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (West Supp. 2006) and Local Civil Rule 73.02 of the District of South Carolina. The Defendant moved to dismiss the United States' complaint for failure to plead fraud with the requisite degree of particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. Magistrate Judge Hendricks recommends denying the Defendant's motion because "the allegations of fraud contained in the Complaint have been pled with sufficient particularity." (Report 3.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the

1

Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (West Supp. 2006).

The Defendant filed objections to the Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the Defendant's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. The Defendant's allegation that Magistrate Judge Hendricks is biased against him is without merit. Moreover, the Defendant's arguments concerning the merits of the United States' fraud claim are not appropriate at the motion to dismiss stage. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994) (At the motion to dismiss stage, the court treats the factual allegations of the nonmoving party as true.) Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Magistrate Judge's Report and recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion to dismiss, docket numbers 28 and 29, is denied.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              United States District Judge

Greenville, South Carolina
August 23, 2006