```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF SOUTH CAROLINA
                       ANDERSON DIVISION
```

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:05-2734-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Robert Barnwell Clarkson, individually | ) | |
| and d/b/a The Patriot Network, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] In her Report and Recommendation, Magistrate Judge Hendricks recommends granting in part and denying in part the Plaintiff's motion for summary judgment. For the reasons set forth below, the court grants the Plaintiff's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Barnwell Clarkson ("Clarkson") is the founder, president, and leader of The Patriot Network. (Def. Mem. Supp. Summ. J. Ex. D. (Barbara Cantrell ("Cantrell") Decl. at 148, 149, 181).) The Patriot Network is a national organization with independent clubs

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

located in various states.  (Id. Ex. D. (Cantrell Decl. at  138-140,  163).)  The Patriot Network advocates a tax revolt by "a massive refusal of the productive sector of the population to support the unConstitutional taxing and spending programs of the national government."  (Id.  Ex. D. (Cantrell Decl. at  131-132).)  On its website, The Patriot Network provides information and sells taped lectures, books, and other resources prepared and delivered by Clarkson and his associates.  (Id.  Ex. D. (Cantrell Decl. at 255-269).)

In the instant lawsuit, the Plaintiff alleges that Clarkson has made false statements to members of The Patriot Network and the public by stating that federal income tax does not apply to wage earners (hereinafter referred to as "avoidance activities").  In addition, the Plaintiff argues that Clarkson advises, aids, and abets members of The Patriot Network on how to evade and obstruct the IRS's enforcement efforts (hereinafter referred to as "interference activities"). The Plaintiff seeks an injunction pursuant to 26 U.S.C. §§ 7402(a) and 7408 to end these alleged activities.

## II. DISCUSSION OF THE LAW

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. The Report and Recommendation

Magistrate Judge Hendricks recommends that the court grant the Plaintiff's motion for summary judgment on its request for an injunction pursuant to 26 U.S.C. § 7408 for Clarkson's violations of 26 U.S.C. § 6700, which bars the organization of, or participation in, any entity, plan, or arrangement which makes or furnishes, or causes another person to make or furnish, a false or fraudulent statement concerning the tax benefits to be derived from the entity, plan, or arrangement. However, Magistrate Judge Hendricks recommends denying the Plaintiff's motion for summary judgment on its request for an injunction pursuant to 26 U.S.C. § 7402(a), which allows the court to enjoin activity "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a) (West 2002). The Magistrate Judge recommends denying the Plaintiff's request for an injunction under § 7402(a) because it has failed to show irreparable harm and the lack of a legal remedy for Clarkson's interference activities. (Report and Recommendation, generally.)

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1. The Plaintiff's Objections

The Plaintiff filed objections to the Report and Recommendation alleging that a showing of irreparable harm and the lack of a legal remedy are not required for an injunction to issue under § 7402(a) to enjoin Clarkson's interference activities. (Pl.'s Objection 4-5.) Further, the Plaintiff argues that even if it is required to make this showing, it has shown irreparable harm and no adequate legal remedy. (Id.)

Section 7402(a) provides in pertinent part that

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

Based on undisputed evidence, Clarkson engages in and advises members of the Patriot Network to engage in interference activities. For example, as the Magistrate Judge noted, Clarkson advises members to contact him when the IRS attempts to collect taxes and offers members various products for sale explaining how to avoid payment. (Pl.'s Mem. Supp. Summ. J. Ex. D. (Cantrell Decl. at 203-232).) In addition, Clarkson advises members in two

videotapes offered for sale to engage in an "earnest writing" campaign to respond to the IRS's collection letters. (Id. Ex. D. (Cantrell Decl. at 212-213).) Clarkson recommends that members invoke the Fifth Amendment, stop the lien, file a quiet title action, file bankruptcy, file an action against the IRS, deed real property to spouses or children, and foreclose on themselves. (Id. Ex. D. (Cantrell Decl. at 213, 204-205, 255-257).) Moreover, Clarkson instructs members to file lawsuits against IRS employees attempting collection. (Id. Ex. D. (Cantrell Decl. at 208).) In addition, Clarkson advocates that members create trusts to protect assets and hide financial information from tax collectors. (Id. Ex. B. (Cantrell Decl. at 234-38).) Clarkson advises members to follow the "no checks" philosophy and to close bank accounts to evade IRS collection efforts. (Pl.'s Mem. Supp. Summ. J. Ex. D. (Cantrell Decl. at 63-102).) Clarkson advises that members should take each step slowly and make deliberate procedural mistakes, because the "principal weapon against the bureaucracy is non-cooperation and dilatory tactics." (Id. Ex. D. (Cantrell Decl. at 213, 216, 218-233).)

The Plaintiff seeks a permanent injunction against Clarkson. As Magistrate Judge Hendricks noted, the Eleventh Circuit found that "the decision to issue an injunction under Section 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy." United States v. Ernst & Whinney, 735 F.2d 1296, 1301 (11th Cir. 1984); see also United States v. Anderson, No. 04-400FTM-29SPC, 2004 WL 2601058, at *2 (M.D. Fla. Sept. 23, 2004) (stating equitable considerations are a part of § 7402(a)); United States v. Hollar, 885 F. Supp. 822, 824-25 (M.D.N.C. 1995). The presence of irreparable harm and the inadequacy of legal remedies to cure the alleged harm are the cornerstone of those equitable considerations. Hollar, 885 F. Supp. 822, 824-25. Magistrate Judge

Hendricks found that the Plaintiff has not shown irreparable harm and inadequacy of legal remedies and, therefore, is not entitled to an injunction under § 7402(a).

As an initial matter, the Plaintiff argues that irreparable harm and lack of a legal remedy are not required for an injunction to issue under § 7402(a). The Plaintiff concedes that the case law is not clear in this area. Further, the court recognizes that other courts have noted that irreparable harm and lack of a legal remedy are not required for an injunction to issue under § 7402(a). See United States v. Stoll, No. C05-0262RSM, 2005 WL 1763617, at *8 (W.D. Wash. June 27, 2005) (unpublished) ("Because I.R.C. §§ 7402(a) and 7408 set forth the criteria for injunctive relief, the United States need only meet those criteria, without reference to the traditional equitable factors, for a court to issue a permanent injunction under these sections."); United States v. Guess, No. 04-2184-LAP(AJB), 2004 WL 3314940 , at *3 (S.D. Cal. Dec. 15, 2004) (unpublished) ("[T]he passage of [§ 7402(a)] is itself an implied finding by Congress that violations will harm the public."); United States v. Molen, No. 03-1531DFLGGH, 2003 WL 23190606, at *3 (E.D. Cal. Dec. 12, 2003) (unpublished) ("If an adequate remedy at law was sufficient to deny an injunction to the United States in tax matters, [the last sentence of § 7402(a)] would be rendered superfluous–and that is not something to be done lightly."); United States v. Rivera, No. 03-2520GHK(JWJX), 2003 WL 22429482, at *8 (C.D. Cal. July 18, 2003) (unpublished) ("Because § 7402(a) explicitly provides that the injunction remedy is 'in addition to and not exclusive of' other remedies for enforcing the internal revenue laws, the United States need not establish that it has no adequate remedy at law for an injunction under § 7402(a)."); United States v. Frauenkron, No. 99-1777(PAM/JGL), 2000 WL 637353, at *3 (D. Minn. Mar. 3, 2000) (unpublished)

("[G]iven the . . . congressional grant of authorization [of § 7402(a)], the Government need not prove irreparable injury in this case.").

The court finds that it is unnecessary to decide in this case whether the Plaintiff is required to prove irreparable harm and lack of a legal remedy in order for the injunction to issue because, even if required, the Plaintiff has made the requisite showing. The Plaintiff is "sustaining irreparable harm in the form of lost revenue from [Clarkson and Clarkson's] customers" who engage in dilatory tactics to thwart the IRS's collection efforts. United States v. Hansen, No. 05-0921-L, 2006 WL 4075446, at *11 (S.D. Ca. Dec. 13, 2006) (unpublished). As the Plaintiff notes, it is impossible to quantify the loss the Plaintiff has and will suffer as a result of Clarkson's interference activities if an injunction does not issue. (Pl.'s Objections 20.) Clarkson does not sign tax returns as a return preparer on behalf of members, so there is no way to know how many members are misrepresenting information on tax returns, failing to file tax returns, or engaging in delay tactics in an effort to thwart the IRS's collection efforts. (Id.) The court further notes that Clarkson will not suffer irreparable harm by being forced to comply with the law. Hansen, 2006 WL 4075446, at *11. Moreover, Clarkson's activities will cause "further depletion of Government resources in locating and auditing taxpayers who" follow Clarkson's advice. United States v. Music Masters, Ltd., 621 F. Supp. 1046, 1058 (W.D.N.C. 1985).

Further, the court finds that the Plaintiff has no adequate remedy at law because actions against members of The Patriot Network "would entangle the [Plaintiff] in a maze of lawsuits." Id. "The pursuit of such individual remedies would require the expenditure of substantial amounts of the limited resources of the IRS and necessarily would not be as

effective as enjoining" Clarkson's interference activities.  United States v. Ratfield, No. 01-8816-CIV-MARRA, 2004 WL 3174420, at *22 (S.D. Fla. Nov. 30, 2004) (unpublished). Based on the foregoing, the Plaintiff is entitled to an injunction permanently enjoining Clarkson's interference activities.

### 2.  Clarkson's Objections

Upon review, the court finds that many of Clarkson's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean two specific objections.

Clarkson objects that an injunction violates his First Amendment right to free speech. Specifically, Clarkson contends that his actions are not commercial speech because he does not make a profit, and, further, he does not engage in interference activities.  This objection is without merit.  The First Amendment does not protect false commercial speech.  See Centr. Hudson Gas & Elec. Corp. v. Publ. Serv. Comm'n of New York, 447 U.S. 557, 563 (1980) (holding that the First Amendment, while offering protection to truthful commercial speech, does not protect false or misleading commercial speech).

Clarkson engages in false speech in violation of Section 6700.  As the Magistrate Judge noted, Clarkson's materials are full of false statements.  The Magistrate Judge noted the following examples of Clarkson's false speech

- "[W]e [The Patriot Network] have researched the subject thoroughly and have discovered that there is no law requiring you to file [income tax returns]. . . . So here is the solution: Tell the truth wherever you go, but don't file or pay income taxes." (Pl.'s Mem. Supp. Summ. J. Ex. D (Cantrell Decl. at 192.)
- "No law commands you to file [a tax return]. In fact, our present income tax is in direct contradiction to the Constitution."  (Id.)
- "Income taxes are voluntary."  (Id.)

- "[L]egally we do NOT owe the income tax on our wages and salaries and have no duty to pay it." (Id. at 199.)
- "Therefore, the true law means the working people legally do not owe the hated income tax, but the rich do, even though they have evaded most of it." (Id.)
- "It [the government] collects 'income' taxes un-Constitutionally, and by law is only permitted to use these funds for un-Constitutional purposes. (Id. Ex. A-1 (Cantrell Decl. at 9.)

In addition, as discussed above, Clarkson engages in interference activities to thwart the IRS's collection efforts. Therefore, to the extent Clarkson claims that he speaks the truth and does not engage in interference activities, this claim is without merit.

Further, Clarkson's avoidance activities and interference activities are commercial speech. "Commercial speech" is generally defined as "expression related solely to the economic interests of the speaker and its audience." Central Hudson Gas & Elec. Corp., 447 U.S. at 561. Speech is commercial in nature if it "propose[s] a commercial transaction." Adventure C'ns, Inc. v. Kentucky Registry of Election Fin., 191 F.3d 429, 440 (4th Cir. 1999) (internal quotation marks omitted). However, speech "rendered in the form of an advertisement does not necessarily render such speech commercial in nature." Id. Likewise, a mere passing reference to a product does not necessarily convert otherwise noncommercial speech into commercial speech. Id. at 441.

> [W]hen the speech at issue contains both commercial elements and political or social commentary, the line between commercial and noncommercial speech can be difficult to discern. When these elements are intertwined, the commercial or noncommercial character of the speech is determined by the nature of the speech taken as a whole.

Id. (internal quotation marks omitted).

Clarkson argues that The Patriot Network is not a commercial enterprise. Specifically, Clarkson argues that

> the material forming the basis of the complaint is protected political and/or educational material. The interference material does not under even the most liberal construction, constitute a scheme to incite illegal tax evasion. Defendant does not garner any profit whatsoever from the material, which he makes available for free on his website . . . .

(Mem. Supp. Objections 1.) Clarkson's allegations are not supported by the undisputed facts in the record. The Patriot Network website provides that members are required to pay dues and to keep dues payments current. (Pl.'s Mem. Supp. Summ. J. Ex. D (Cantrell Decl. at 165).) This belies Clarkson's argument in his objections that the dues for membership in The Patriot Network are donations. The purpose of The Patriot Network is to provide information regarding the applicability of the tax laws, and the court has already found that much of the information provided is false. The Patriot Network provides extensive information to members through products that are offered for sale. (Id. Ex. D (Cantrell Decl. at 255-58).) The numerous materials for sale on Clarkson's website include videos, books, and other tax-related materials and resources. (Id. Exs. B-2,C, and D (Cantrell Decl. at 96, 105, 108, 118-19, 121-122, 124, 164-65, 204-05, 212-13, 255-57).) In addition, Clarkson advertises numerous seminars on various tax topics that people can attend for a fee. (Id. Ex. D (Cantrell Decl. at 127, 135-47).) The information is not offered free on the website. Clarkson claims that he provides books and materials to those who cannot afford them free of charge. Further, he states that only half of the members of The Patriot Network make "donations." (Clarkson

Aff. ¶ 2.)[2]   Whether Clarkson has actually profited from dues collected from members of The Patriot Network or the sale of materials does not affect the court's analysis in this case. Taken as a whole, the court finds that the speech is commercial in nature. Based on the foregoing, the court finds that Clarkson, through The Patriot Network, engages in false commercial speech. Therefore, the court adopts the Magistrate Judge's Report and Recommendation in part.

It is therefore

**ORDERED** that the Plaintiff's motion for summary judgment, docket number 53, is granted. It is further

**ORDERED** that the Plaintiff's requests for an injunction pursuant to 26 U.S.C. § 7408 and 26 U.S.C. § 7402(a) are granted as specifically stated below. It is further

**ORDERED** that Robert Clarkson, individually and operating through The Patriot Network, and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this injunction are permanently enjoined from directly or indirectly:

(A)   Promoting, marketing, organizing, or selling (or assisting therein) any plan or arrangement that contains a statement regarding federal taxes that he knows or has reason to know is false or fraudulent as to any material matter, including, but not limited to, (i) making the false or fraudulent statements that people need not pay federal income taxes, withhold federal income taxes from their wages,

---

[2]Clarkson provided an affidavit in support of his objections. However, Clarkson's affidavit has not been signed by a notary.

or file federal income tax returns (a) because no law requires it, (b) because the IRS is an illegal organization, (c) because the IRS has no power to tax, (d) if they send letters to various governmental entities, or (e) if they file inaccurate withholding statements with employers; and (ii) making the false or fraudulent statements that people can legally evade payment of their taxes and IRS collection efforts by (a) transferring property to others, (b) placing property in a trust, (c) closing bank accounts and dealing in cash or money orders, or (d) working for an employee leasing company or similar organization that will not withhold federal income or employment taxes;

(B) Selling or offering for sale any book, pamphlet, video recording, audio recording, or other material that contains a statement regarding federal taxes that he knows or has reason to know is false or fraudulent as to any material matter, including those statements listed above;

(C) Preparing letters, memoranda, and other writings for others for a fee (whether the payment is per document, for membership in a program, or for other services) that contain a statement regarding federal taxes that he knows or has reason to know is false or fraudulent as to any material matter, including those statements listed above; and

(D) Selling, creating for sale, or participating in the creation or sale of any type of trust or similar arrangement that purports to evade the payment of federal taxes or IRS collection efforts by concealing the ownership of the assets; and

    (E)    Engaging in any conduct that interferes with the enforcement of the Internal Revenue laws including, but not limited to, instructing others to purposefully frustrate and delay IRS collection efforts;  It is further

**ORDERED** that Clarkson contact by mail all persons who have bought from him or The Patriot Network any materials concerning federal taxes, send them a copy of this Order, and certify to the Court within twenty days of the entry of this Order that he has complied with this provision.  It is further

**ORDERED** that Clarkson remove from websites registered to, controlled by, or operated by him or The Patriot Network, including http://www.patriotnetwork.info, any statement promoting The Patriot Network or any other entity, plan, or arrangement that regards federal taxes about which he knows or has reason to know is false or fraudulent as to any material matter, including, but not limited to, the statements listed above.  It is further

**ORDERED** that Clarkson display prominently on the first page of the http://www.patriotnetwork.info website a complete copy of this Order and maintain the http://www.patriotnetwork.info website for one year, with a complete copy of this Order so displayed throughout that time.  It is further

**ORDERED** that the Plaintiff may conduct post-judgment discovery to monitor Robert Clarkson's compliance with this permanent injunction.  It is further

**ORDERED** that Clarkson pay the Plaintiff its costs in connection with this lawsuit upon submission and approval of a bill of costs.  It is further

**ORDERED** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Order and any additional orders necessary and appropriate to the public interest.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 3, 2007

## NOTICE OF RIGHT TO APPEAL

The Defendant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.