IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 8:05-2734-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Robert Barnwell Clarkson, individually ) | |
| and d/b/a The Patriot Network, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Robert Barnwell Clarkson's ("Clarkson"), individually and d/b/a The Patriot Network, motion[1] to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

---

[1] Judgment was entered on July 5, 2007. The court construes the instant motion as a motion to alter or amend the judgment pursuant to Rule 59(e).

1

Clarkson alleges that the court's order enjoining Clarkson's interference activities is confusing and unclear, and that it restricts legal activities.  Further, Clarkson realleges his argument that The Patriot Network is not profitable and therefore the government is not entitled to an injunction based on interference activities.  The injunction is narrowly tailored to ensure that legal activities are not enjoined.  However, out of an abundance of caution, the court modifies section (E) of the injunction to read as follows:

(E)     Engaging in any conduct that substantially interferes with the enforcement of the Internal Revenue laws including, but not limited to, instructing others to purposefully frustrate and delay IRS collection efforts;

Based on the foregoing, Clarkson's Rule 59(e) motion is denied.  Further, the injunction language is modified only as stated herein.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 23, 2007

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.